UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM McARTHUR SMITH,

    *Petitioner*,

CRIMINAL CASE NO. 14-CR-20794
CIVIL CASE NO. 16-CV-12576

v.

UNITED STATES OF AMERICA,

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

    *Respondent*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION TO VACATE SENTENCE
UNDER 28 U.S.C. § 2255**
(Doc. 37)

**I.    RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Petitioner's Motion to Vacate Sentence (Doc. 37) be **DENIED** and that the civil case be **DISMISSED**.

**II.    REPORT**

    **A.    Introduction**

On December 17, 2014, Petitioner pleaded guilty to Counts 1 and 2 of the information charging distribution of a controlled substance and use of a firearm during and in relation to a drug trafficking crime in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 9249c). (Doc. 20.) On April 6, 2015, judgment was entered and Petitioner was sentenced to 40 months on Count 1, and 60 months on Count 2, all to be served consecutively for a total of 100 months incarceration. (Doc. 26.) Petitioner did not file a timely appeal but sought leave to file a late notice and although that motion was denied (Doc. 28), Petitioner filed a notice of appeal on August 4, 2015. (Doc. 30.) The Sixth Circuit later dismissed his appeal, not based on the late notice, but rather because Petitioner

failed to file a brief in support of his appeal so the Sixth Circuit dismissed his appeal for want of prosecution. (Doc. 33.)

On July 1, 2016, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and filed a supplemental brief on that same day. (Docs. 37, 39.) The court considers both those documents to be in support of his motion. Petitioner's sole argument in both documents is that he is entitled to relief based on the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 1551 (June 26, 2015). The government responds that *Johnson* provides no relief for Petitioner because the predicate offense supporting Petitioner's conviction was a drug trafficking offense and because Sixth Circuit precedence has established that convictions under §924(c) do not suffer from the same vagueness problem recognized by the Court in *Johnson* under §924(e). (Doc. 42.) For the reasons stated below, the government is correct.

The motion has been referred to the undersigned. (Doc. 41.) Therefore, these motions are ready for Report and Recommendation without oral argument. *See* E.D. Mich. LR 7.1(f)(2).

      **B.**      **Analysis and Conclusion**

In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's (ACCA's) residual clause, i.e., the clause that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague and violates due process. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has further held that *Johnson* has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); accord, *In Re Watkins*, 810 F.3d 375, (6th Cir. 2015).

The Sixth Circuit has held that since the United States Sentencing Guidelines (USSG) § 4B1.2 also contains a residual clause that is identical in wording to the residual clause in the

ACCA, the *Johnson* rationale applies equally to the sentencing guidelines residual clause defining a crime of violence. USSG § 4B1.2(a); *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. Mar. 13, 2016). The United States Supreme Court has granted certiorari in *Beckles v. United States*, to decide whether the *Johnson* holding applies to the residual clause of the career offender sentencing guidelines, and if so, whether it should apply retroactively on collateral review. 136 S. Ct. 2510.

However, Petitioner was not sentenced under the ACCA (§924(e)) or the equivalent language in the career offender sentencing guideline provision. Instead, Petitioner was charged and convicted, via guilty plea, of using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Doc. 20, 26.)

The Sixth Circuit has held that the *Johnson* void-for-vagueness conclusion does not apply to convictions under § 924(c)(3). In *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), the court noted "several factors" that "distinguish the ACCA residual clause from § 924(c)(3)(B)." *Id*. at 376. "First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force rather than physical injury" because force is more definite than the risk of physical injury to a victim. *Id*. at 376. In addition, § 924(c)(3)(B) requires that the risk of physical force arise "in the course of committing the offense" and it requires that "the felony be one which 'by its nature' involves the risk that the offender will use physical force." *Id*. at 377. The court also noted that § 924(c)(3)(B) does not permit a "court to consider risk-related conduct beyond that which is an element of the predicate crime" nor does its requirement that physical force be "used in the course of committing the offense" permit "inquiry into conduct following the completion of the offense." *Id*. Instead, "the force msut be used and the risk must arise in order to effectuate

3

the crime" in contrast to the ACCA provision which allows courts to consider "'physical injury [that] is remote from the criminal act,' a consideration that supported the Court's vagueness analysis in *Johnson*." *Id*.

"Second, the ACCA residual clause is linked to a confusing set of examples that plagued the Supreme Court in coming up with a coherent way to apply the clause, whereas there is no such weakness in § 924(c)(3)(B)." *Id*. at 376. "Third, the Supreme Court reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the clause, whereas no such history has occurred with respect to § 924(c)(3)(B)." *Id*. *Taylor* has been cited with favor by other Circuit Courts. *See, e.g., United States v. Prickett*, ___ F.3d ___, 2016 WL 5799691 (8th Cir. Oct. 5, 2016); *United States v. Hill*, 832 F.3d 135 (2nd Cir. 2016).

Thus, there is no Sixth Circuit or United States Supreme Court precedent showing that Petitioner is entitled to any relief from his conviction or sentence under § 924(c)(3).

In addition, as noted by the government, Petitioner was not convicted under any provision referring to crimes of violence but rather was convicted based on a predicate controlled substance offense. Accordingly, none of the nuanced arguments pertaining to provisions defining crimes of violence are of any relevance to Petitioner's case. Accordingly, I recommend that the motion to vacate be denied. (Doc. 37.)

### III. **REVIEW**

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also*

28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 19, 2017                    S/ PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to William McArthur Smith #50333-039 at Elkton Correctional Institution, Inmate Mail/Parcels, P.O. Box 10, Lisbon, OH 44432.

Date: January 19, 2017                                          By s/Kristen Castaneda
                                                                                       Case Manager